**\*NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALBERTO CONCEPCION, | : : : | Civil Action No. 15-7400 (SDW) |
| Petitioner, | : : |  |
| v. | : : | **OPINION** |
| JORDAN HOLLINGSWORTH, | : : |  |
| Respondent. | : : : |  |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Alberto Concepcion's petition for a writ of habeas corpus purportedly brought pursuant to 28 U.S.C. § 2241 challenging his criminal conviction and sentence. (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition for lack of jurisdiction.

**I.  BACKGROUND**

Petitioner, Alberto Concepcion, seeks via § 2241 to challenge his criminal conviction and sentence. This is not the first time Petitioner has sought to use this mechanism to challenge his continued detention pursuant to his sentence. *See Concepcion v. Zickefoose*, 442 F. App'x 622 (2011). In his previous attempt to challenge his conviction, the Third Circuit provided the following summary of Petitioner's history of litigation before both this Court and the Court of

Appeals:

> In 2000, [Petitioner] pleaded guilty to one count of conspiring to distribute heroin, and the District Court sentenced him to 325 months imprisonment. [The Court of Appeals] affirmed. [Petitioner] then filed a [28 U.S.C.] § 2255 motion, which the District Court denied. [The Court of Appeals] declined to issue a [certificate of appealability].
>
> [Petitioner] then filed a RICO complaint against 56 governmental employees and officials, including judges, U.S. Attorneys and FBI agents. [Petitioner] pursued this litigation vexatiously; as a result, the District Court entered an order permanently enjoining him "from filing further claims in [the District of New Jersey] without leave of the Court."
>
> [Petitioner] later filed a motion purportedly brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking reconsideration of the denial of his § 2255 motion. The District Court denied the motion as violative of the injunction, and [the Court of Appeals] denied a certificate of appealability, noting that the motion sought only to attack [Petitioner's] underlying conviction, and that the District Court thus lacked jurisdiction to consider what was in reality an unauthorized second or successive § 2255 motion.
>
> [Petitioner] filed a request for permission to file a habeas petition pursuant to 28 U.S.C. § 2241 in August 2010. The District Court dismissed the petition without prejudice, and [Petitioner] eventually paid the filing fee, filed another motion for permission to file the § 2241 petition, and filed the petition itself (with exhibits). On December 3, 2010, the District Court entered an order to show cause within 30 days why the request to file the habeas petition should be granted. The order noted that if [Petitioner] failed to show cause, the request to file would be denied and the matter terminated. [Petitioner] filed a response to the Show Cause order, discussing his claims. The District Court denied [Petitioner] permission to file his habeas petition because although [Petitioner's] response "was to include the submission of a sworn affidavit that the facts upon which he bases his claims are true and include a clear statement of the legal bases for his claims," his response "did not comply with the Court's Order and fail[ed] to show good cause why the Petition for Writ of Habeas Corpus should be filed." The District Court also denied his related affirms. [Petitioner] filed a

timely notice of appeal.

*Id.* at 622-23. The Court of Appeals ultimately affirmed the denial of that § 2241 petition because it did not meet the exception laid out in *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997), and thus was improperly brought pursuant to § 2241. *Concepcion*, 442 F. App'x at 623.

On July 13, 2015, Petitioner filed with this court a request for permission to file a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 99-753 at 132). Prior to this Court ruling on the merits of that motion, and in violation of the aforementioned permanent injunction, Petitioner thereafter filed the instant habeas petition. (ECF No. 1). In his current petition, Petitioner raises what are essentially more developed versions of the claims he presented in his 2010 petition: that his sentence violates the *Apprendi* line of cases, that the warrants and complaints against him are faulty and/or fraudulent, that certain unknown federal agents conspired against him to trump up the evidence in his criminal case, that his counsel was constitutionally ineffective, and that certain drug statutes passed by Congress were not promulgated "as required" by the Administrative Procedure Act.

## II.   DISCUSSION

### A.   Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4

of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

Petitioner seeks to use § 2241 to challenge his conviction and sentence arising out of his 2000 criminal case. A challenge to the validity of a federal conviction or sentence must normally be brought pursuant to 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *see also Jordan v. United States*, 615 F. App'x 764, 765 (3d Cir. 2015). As the Court of Appeals explained to Petitioner regarding his previous petition, "a federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 only if the remedy provided by 28 U.S.C. § 2255 is 'inadequate or ineffective' to test the legality of his or her detention." *Concepcion*, 442 F. App'x at 623 (quoting *Cradle . U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)). The § 2255 remedy is only inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Id.* (internal quotations omitted); *see also Cradle*, 290 F. 3d at 538; *Okereke*, 307 F.3d at 120-21 (finding exception does not apply where a petitioner claims that his

4

sentence, which was originally proper, now violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *Dorsainvil*, 119 F.3d at 251-52 (applying the exception where an intervening change in law rendered the petitioner's conduct non-criminal and the petitioner had not received a previous opportunity to pursue that claim). Section 2255 is therefore not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539; *see also Okereke*, 307 F.3d at 120 (quoting *Dorsainvil*, 119 F.3d at 251). The inadequate remedy safety valve "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Cradle*, 290 F.3d at 539.

As in his previous § 2241 petition, Petitioner fails to raise any claims here which would place him into the exception established by *Dorsainvil*. Petitioner instead raises claims, such as his *Apprendi* claim, which clearly are outside the scope of the safety valve exception, and which clearly could have been raised via § 2255 were Petitioner able to meet the statute's procedural requirements. *See Okereke*, 307 F.3d at 120-21. As Petitioner's claims do not fall within the *Dorsainvil* exception, his purported § 2241 petition is essentially a second or successive § 2255 petition brought without leave of the Court of Appeals, and as such this Court lacks jurisdiction over the petition pursuant to either § 2241 or § 2255. *See, e.g., Gerhard v. Kirby*, No. 15-6095, 2015 WL 5247009, at *4 (D.N.J. Sept. 9, 2015).

Where a petitioner files an action over which this Court does not have jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In

5

this case, this Court does not find that it would be in the interests of justice to transfer this matter to the Third Circuit Court of Appeals as a request to file a second or successive § 2255 motion given that Court's dismissal of Petitioner's previous petition which raised similar claims.  *See Concepcion*, 442 F. App'x at 623.  That the Court of Appeals has denied permission for the filing of a second or successive petition on at least one other occasion further supports this conclusion.  *Id.* at 622.  This Court will therefore dismiss this petition for lack of jurisdiction.[1]

**III. CONCLUSION**

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) will be dismissed for lack of jurisdiction.  An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:      Clerk
cc:         Parties

---

[1] That Petitioner remains subject to this Court's order permanently enjoining him from filing further actions in this Court without this Court's permission further supports the dismissal of this action.  Although Petitioner did file a motion seeking permission to file the instant petition, he filed this petition before this Court ruled on that motion.  (Docket No. 99-753 at 132-133).  This petition was therefore filed in violation of this Court's injunction, and dismissal would be warranted on that basis alone.  Petitioner is admonished that in the future he should comply with the injunction.